McGREGOR W. SCOTT
United States Attorney
MARLON COBAR
Assistant U.S. Attorney
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SEMPER TRUCK LINES, INC.,<br><br>    Defendant. | CR. F. No. 04-5355 AWI<br><br>MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(c)(1)(C) OF THE FEDERAL RULES OF <u>CRIMINAL PROCEDURE</u><br><br>Date: August 23, 2005<br>Time: 9:00 a.m.<br>Dept: Courtroom Three<br>Honorable Anthony W. Ishii |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGREGOR W. SCOTT, the United States Attorney for the Eastern District of California, and MARLON COBAR, Assistant United States Attorney, and the defendant, SEMPER TRUCK LINES, INC., and its attorneys ROGER T. NUTALL and MARK W. COLEMAN, have agreed as follows[1]:

---

[1] The defendant acknowledges that this plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1. <u>Charges</u>.

The defendant SEMPER TRUCK LINES, INC. acknowledges that it has been charged in a Superseding Information, in the Eastern District of California, with a violation of Title 18, United States Code, Sections 1018 and 2(a) - Aiding and Abetting a False Official Writing, a class "A" misdemeanor.

2. <u>Specific Sentence Agreement</u>.

The government and the defendant agree that a specific sentence, as set forth below in Section 3, is appropriate in this case.  Consequently, this Memorandum of Plea Agreement is being offered to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Under the provisions of Federal Rule of Criminal Procedure 11(c)(3)(A), the Court may accept or reject the agreement, or it may defer its decision or rejection until there has been an opportunity to consider the Presentence Report.  If the Court accepts the Memorandum of Plea Agreement, the Court will inform the defendant that it will impose judgement and sentence in accordance with the disposition provided for in this Memorandum of Plea Agreement.  If the Court rejects this Memorandum of Plea Agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw its plea and advise the defendant that if it persists in a not guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the Memorandum of Plea Agreement.

3. <u>Proposed Sentence</u>.

(a) The parties agree that the defendant, SEMPER TRUCK LINES, INC., shall receive a sentence of one (1) year unsupervised

probation under the following terms and conditions[2]:

(1) At the time of the entry of the plea, the defendant shall pay a criminal fine in the amount of FIVE THOUSAND DOLLARS ($5,000.00). This amount shall be paid by cashier's check and made payable to: "CLERK, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA."

(2) At the time of the entry of the plea, the defendant shall pay a special assessment in the amount of ONE HUNDRED TWENTY FIVE DOLLARS ($125.00). This amount shall be paid by cashier's check and made payable to: "CLERK, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA."

(3) At the time of sentencing, the defendant shall pay FORTY THOUSAND DOLLARS($40,000) to the California Highway Patrol's Commercial Vehicle Section. The California Highway Patrol shall use and agrees to use said funds exclusively for trucking safety operations, including but not limited to a public awareness campaign aimed at commercial trucking traffic safety in California. This amount shall be paid by cashier's check and made payable to: "CALIFORNIA HIGHWAY PATROL, COMMERCIAL VEHICLE SECTION, C/O JONATHAN S. ROTHMAN, GENERAL COUNSEL, P.O. BOX 942898, SACRAMENTO, CA 94298-0001." Said cashier's check shall be delivered by the defendant to the United States Attorney's Office for the Eastern District of California, for forwarding to the

---

[2] Should the defendant violate any of the terms or conditions during the one-year term of unsupervised probation, the government or the United States Probation Office may, in their discretion, file a notice of violation of probation with the Court. In that event, the defendant may be subject to modification of those terms and conditions and be subject to increased monetary penalties in the discretion of the Court.

3

California Highway Patrol.

(4)  During the period of unsupervised probation, the defendant shall not violate any federal, state or local law.

(5) During the period of unsupervised probation, the defendant shall develop and implement a program to comply with all of the Federal Motor Carrier Safety Administration's ("FMCSA") regulations pertaining to its commercial motor carrier operations(commonly referred to as "trucking").  If the defendant has such a program already in place at the time of entry of this plea agreement, it shall continue to implement such a program during the period of unsupervised probation.

4.   Waiver of Presentence Report and Objections.

(a)  The defendant understands that it has a right to an independent investigation into this case and its background by the United States Probation Office which would then prepare a Presentence Report ("PSR") and submit it to the Court. Nonetheless, the defendant agrees to waive its right to such an investigation and to a PSR, and agrees that the Court may sentence it based on the information contained in the captioned Superseding Information, the Memorandum of Plea Agreement and the Court's file.

(b)  Without limiting the foregoing, the defendant specifically waives all provisions of Rule 32(c) of the Federal Rules of Criminal Procedure.  The parties jointly, respectfully request that the Court, pursuant to Rule 32(c), make a finding that there is sufficient information in the record to enable the meaningful exercise of authority pursuant to 18 U.S.C. § 3553, and that the Court explain this finding on the record.

4

(c) If the Court agrees, the government and the defendant jointly agree to recommend that the defendant be arraigned, plead guilty to the captioned Superseding Information and be sentenced on the same day.

5. <u>Agreements by the Defendant</u>.

(a) The defendant agrees that this plea agreement shall be filed with the Court and become a part of the record in the case.

(b) The defendant agrees to enter a plea of guilty to the captioned Superseding Information, charging it with Aiding and Abetting a False Official Writing, in violation of Title 18, United States Code, Sections 1018 and 2(a). The defendant has been advised of its right to proceed in this case by an indictment returned by a Grand Jury sitting in this district. However, it hereby waives that right and agrees to proceed through the captioned Superseding Information. Furthermore, the defendant agrees that it is in fact guilty of this charge and that the facts set forth in the factual basis of this agreement are true and accurate.

(c) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal, including, but not limited to an express waiver of appeal of this plea (including venue and statute of limitations) and to attack collaterally its plea, whether by way of a motion pursuant to 28 U.S.C. § 2255, 18 U.S.C. § 3742, or otherwise. The defendant knowingly and voluntarily waives the right to appeal any sentence which is in accordance with the

maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives its right to challenge its sentence or the manner in which it was determined in a post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.  However, the defendant reserves the right to appeal any sentence imposed in excess of the statutory maximum.

(d)  If the defendant's conviction on the count to which it is pleading is ever vacated at the defendant's request, or its sentence is ever reduced at its request, the government shall have the right (1) to prosecute the defendant on any of the counts to which it pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses it might have to the government's decision, including Double Jeopardy.  In particular, it agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(e) The defendant agrees to waive all rights under the "Hyde Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover

attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(f) The defendant hereby acknowledges the benefits it has received pursuant to the plea disposition set forth in this Memorandum of Plea Agreement and its guilt of the offenses to which it is pleading guilty.

6. <u>Agreements by the Government</u>.

(a) This agreement does not prevent the government from providing any and all information concerning the offenses to which the defendant is pleading guilty and other relevant conduct to the Probation Office and/or the Court upon request and in connection with the defendant's sentence. However, the government acknowledges that under section 4 of this agreement, the defendant agrees to waive its right to a Presentence Report, and agrees that the Court may sentence it based on the information contained in the captioned Superseding Information, the Memorandum of Plea Agreement and the Court's file.

(b) If the Court agrees, the government and the defendant jointly agree to recommend that the defendant be arraigned, plead guilty to the captioned Superseding Information and be sentenced in the same day.

(c) The government will recommend that the defendant receive the specific sentence jointly recommended by the parties in Section 3 of this agreement. The government does not recommend any further reductions or enhancements of that sentence.

1   (d)  The government agrees that no further criminal charges,
2  civil actions or administrative proceedings will be brought by the
3  United States Attorney's Office for the Eastern District of
4  California or the Federal Motor Carrier Safety Administration,
5  against SEMPER TRUCK LINES, INC. and its present or former
6  officers and employees, based in whole or in part on the
7  investigation by the United States Department of Transportation's
8  Office of Inspector General and the Federal Motor Carrier Safety
9  Administration, giving rise to this plea agreement and the facts
10 set out in the factual basis below.  This agreement shall not
11 exclude the institution of criminal prosecutions as a result of
12 independent investigations begun subsequent to the date of the
13 filing of this plea agreement.  This agreement does not extend to
14 any potential federal or state tax consequences or liability
15 arising from such investigations.
16  (e)  The government agrees that the United States Attorney's
17 Office for the Eastern District of California is not aware of any
18 subsequent criminal, civil or administrative proceedings or
19 investigations, based in whole or in part on the investigation
20 giving rise to this plea agreement and the facts set out in the
21 factual basis below, that are currently being conducted by any
22 federal government agency against SEMPER TRUCK LINES, INC. and its
23 present or former officers and employees.
24  7.  <u>Nature, Elements, Possible Defenses, and Factual Basis</u>.
25  (a)  The defendant's duly authorized representative has read
26 the charges contained in the captioned Superseding Information,
27 and those charges have been fully explained to the defendant by
28 its attorneys.

(b)  The defendant fully understands the nature and elements of the crime with which it has been charged, together with the possible defenses thereto, and has discussed them with its attorneys.

(c)  The elements of the crime of Aiding and Abetting a False Official Writing, in violation of Title 18, United States Code, Sections 1018 and 2(a), are as follows:

<u>First</u>, that a person made and delivered a false official writing knowing that said writing was false.

A person makes and delivers a false official writing if that person: (1) being a person authorized by any law of the United States; (2) acts wilfully, that is deliberately and with knowledge that the statement was untrue; (3) makes or gives an official certificate or writing; (4) delivers said certificate or writing; and (5) said certificate or writing contains any statement which that person knows to be false.

<u>Second</u>, that the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to make a false official writing.

<u>Third</u>, that the defendant acted before the crime was completed.

(d)  The defendant will plead guilty because it is in fact guilty of the crime set forth in the captioned Superseding Information.  The defendant also agrees that the following are the facts of the case, although it acknowledges that, as to other facts, the parties may disagree:

> At all relevant times, SEMPER TRUCK LINES, INC., the defendant company, held United States Department of Transportation Motor Carrier Number 44123, which authorized its employees to drive commercial motor

vehicles in interstate commerce. As such the defendant company and its commercial truck drivers were subject to regulation by the Federal Motor Carrier Safety Administration ("FMCSA"), an agency of the United States Department of Transportation charged with enforcing trucking safety laws and regulations. The FMCSA's regulation of truck drivers includes limitations on the maximum number of daily allowable driving hours and required hours off-duty, in order to protect the public from commercial trucking-related accidents caused by fatigued truck drivers operating on the nation's highways.

At all relevant times, under Title 49 Code of Federal Regulations, Section 395.8, truck drivers were required to keep accurate records of duty status known as Driver's Daily Logs ("DDL"), in their own handwriting, listing a wide variety of information, including when a driver is "off duty," when he or she is in "sleeper berth," when the driver is actually driving, and when the driver is "on duty/not driving." These logs also include the location and time of each change of status, total miles driven each day, truck or tractor and trailer number, name of carrier, 24-hour starting time, main office address, name of co-driver, total hours, and shipping document numbers relating to the days' activities. Drivers are required to sign the logs, and to enter them in their own handwriting. Their signature certifies that all entries are true and correct.

At all relevant times, under Title 49 Code of Federal Regulations, Section 395.8(a), trucking companies are required to ensure that their drivers keep the logs described herein. Trucking companies are also required under Title 49 Code of Federal Regulations, Section 395.8(k) to collect and retain those daily logs along with all supporting documents, such as toll tickets, shipping documents, trip reports, payroll records, fuel receipts, dispatch records, and any other records, for a period of six months from date of receipt. Under Title 49 Code of Federal Regulations, Section 395.8(e), failure to complete the record of duty activities of Section 395.8 or 395.15, failure to preserve a record of such duty activities or making of false reports in connection with such duty activities shall make the driver and/or the carrier liable to criminal prosecution, for among other violations, false statements to the United States Department of Transportation.

At all relevant times, the defendant company was a corporation organized under the laws of the State of California. Its principal business was the intrastate transportation of goods in California. However, in 2004, the defendant took over interstate cattle

10

transportation operations for Ore-Cal Livestock, Inc. The defendant company took over those operations subsequent to a U.S. Department of Transportation, Office of Inspector General's investigation of Ore-Cal Livestock, Inc. for violating the DDL regulations detailed above. The defendant company worked towards securing the compliance of Ore-Cal Livestock, Inc.'s drivers with DDL regulations. However, during a period of transition, while the defendant company was initially phasing in Ore-Cal Livestock, Inc.'s driver compliance with those regulations, the violation detailed below took place.

From on or about May 8, 2004 to May 9, 2004, within the State and Eastern District of California and elsewhere, the defendant, SEMPER TRUCK LINES, INC. knowingly aided and abetted the knowing and willful falsification, concealment, and covering up by trick, scheme and device, certain material facts in an official writing and certificate, that is, the maintenance for inspection by the Federal Motor Carrier Safety Administration, of a false and fictitious Driver's Daily Log of SEMPER TRUCK LINES, INC. commercial truck driver JESUS SERNA LUNA, a person then authorized by a law of the United States to make or give such a certificate and writing and who knowingly made and delivered the same as true, containing a statement which he knew to be false. Specifically, from May 8, 2004 to May 9, 2004, driver JESUS SERNA LUNA falsely stated in his DDL that he only drove from Fresno, CA to Coachella, CA, and then to Brawley, CA, when in fact he failed to report that he also drove 371 miles in Arizona while delivering a commercial load in Maricopa, AZ. Driver JESUS SERNA LUNA signed his DDL as true and accurate and filed it for maintenance and FMCSA's inspection with SEMPER TRUCK LINES, INC.

8.   Potential Sentence.

Statutory Authority:  The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 2005 WL 50108 (Jan. 12, 2005)), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding

and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The following is the maximum potential sentence which the defendant faces in the Superseding Information:

    (a)   Probation.

           Maximum:  5 years.

    (b)   Fine.

           Maximum:  $200,000.00.

    (c)   Both such fine and imprisonment.

    (d)   Penalty Assessment.

           Mandatory:  $125.00.

9.   <u>Waiver of Rights</u>.

The defendant understands that by pleading guilty it surrenders certain rights, including the following:

    (a)  If the defendant persisted in a plea of not guilty to the charges against it, it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by a

judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by a judge without a jury.

(b)  At trial, the defendant would have the right to be assisted by an attorney, who would be appointed if necessary.

(c)  If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random.  The defendant and its attorneys would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent and that it could not convict it unless, after hearing all the evidence, it was persuaded of its guilt beyond a reasonable doubt.

(d)  If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(e)  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and its attorneys would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on its own behalf.  If the witnesses for the defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

(f) At a trial, the defendant would have a privilege against self-incrimination so that its duly authorized representatives could decline to testify, and no inference of guilt could be drawn from their refusal to testify.

(g) The defendant understands that by pleading guilty it is waiving all of the rights set forth above and the defendant's attorneys have explained those rights to its duly authorized representative and the consequences of a waiver of those rights on behalf of the corporate defendant.

10. <u>Questions by Court</u>.

The defendant understands that if the Court questions its duly authorized representative under oath, on the record and in the presence of counsel, about the offense to which it has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury or false statement.

11. <u>Entire Agreement</u>.

The defendant and its attorneys acknowledge that no threats, promises or representations have been made, nor agreements reached, other than those set forth in this Memorandum of Plea Agreement, to induce the defendant to plead guilty.

12. <u>Court not a Party</u>.

It is understood by the parties that the sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in Section 8 above. Also, should the Court fail to follow any or all of the government's sentencing recommendations, the defendant will not be allowed to withdraw its plea. With that understanding, the parties agree that the provisions of Section 2 above govern the

1 | submission of this Memorandum of Plea Agreement.  Thus, if the
2 | Court rejects this Memorandum of Plea Agreement, the Court shall
3 | so advise the defendant, allow the defendant the opportunity to
4 | withdraw its plea and advise the defendant that if it persists in
5 | a not guilty plea, the disposition of the case may be less
6 | favorable to the defendant than that contemplated by the
7 | Memorandum of Plea Agreement.
8 | //
9 | //
10 | //
11 | //
12 | //
13 | //
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

1    13. Right to Counsel.

2    The defendant understands that it has a right to counsel
3    throughout this case from its initial appearance through trial or
4    guilty plea or dismissal of the case against it and through and
5    including any sentencing. Unless waived in this plea agreement,
6    the defendant has a right to counsel for a direct appeal in this
7    case. The defendant understands that the right to counsel
8    includes the provision of defense counsel through the Court if the
9    defendant cannot afford to hire counsel.

10   DATED: August 25, 2005                McGREGOR W. SCOTT
                                           United States Attorney

11

12

13                                         By /s/ Marlon Cobar
                                              MARLON COBAR
14                                            Assistant U.S. Attorney

15

16

17   DATED: Aug 18, 2005                   /s/ John Semper
                                           JOHN SEMPER
18                                         President, SEMPER TRUCK LINES, INC.

19

20

21   DATED: Aug 22, 2005                   /s/ Mark Coleman for
                                           ROGER T. NUTALL
22                                         Attorney for Defendant
                                           SEMPER TRUCK LINES, INC.

23

24

25   DATED: Aug 18, 2005                   /s/ Mark Coleman
                                           MARK W. COLEMAN
26                                         Attorney for Defendant
                                           SEMPER TRUCK LINES, INC.

27

28